BLANK ROME LLP
Attorneys for Plaintiff
LeRoy Lambert (LL 3519)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

**JUDGE DANIELS**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**08 CV 1086**

MANSEL OIL LIMITED,

        Plaintiff,

-against-

SWIFT AVIATION GROUP, INC.,

        Defendant.

08 Civ.

**VERIFIED COMPLAINT**



FEB 01 2008
U.S.D.... N.Y.
CASHIERS

    Plaintiff, MANSEL OIL LIMITED, ("Plaintiff"), by its attorneys Blank Rome LLP, complaining of the above-named Defendant, SWIFT AVIATION GROUP, INC. ("Defendant"), alleges upon information and belief as follows:

    1.    This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

    2.    At all material times, Plaintiff was and now is a Bermuda company with a place of business at Toddings Building, 10/12 Burnaby Street, Hamilton, Bermuda.

    3.    At all material times, Defendant was and is a foreign corporation or other business entity organized under the laws of the State of Arizona with a place of business at 2710 East Old Tower Road, Phoenix, AZ 85034.

## FIRST CAUSE OF ACTION FOR
## BREACH OF CHARTER OF M/V TORM SOFIA

4.      By a charter party dated August 23, 2007 ("the TORM SOFIA Charter"), Plaintiff chartered the M/V TORM SOFIA ("TORM SOFIA") to Swift Transportation, Inc. ("STI") and, by addendum dated September 12, 2007, Plaintiff, STI and Defendant agreed that Defendant would take the place of STI in the TORM SOFIA Charter.

5.      Under the terms of the TORM SOFIA Charter, Defendant was obliged to pay freight in the amount of $202,161.82 and demurrage in the amount of $330,884.51, for a total of $533,046.33, none of which has been paid, although duly demanded.

6.      The TORM SOFIA Charter provides for arbitration of disputes in London, England. Plaintiff has commenced arbitration, or will shortly, and reserves its right to arbitrate the disputes, pursuant to 9 U.S.C. §8.

7.      Maritime Arbitrators in London award interest, legal fees and arbitral costs to a successful party. If the dispute is arbitrated through a final award, Plaintiff estimates: recoverable interest will amount to at least $85,287.42 at a rate of 8% per year for at least 2 years; recoverable arbitral costs will be incurred in the sum of at least $75,000; and recoverable legal expenses will be incurred in the sum of at least $200,000, amounting in all to recoverable interest and costs of at least $360,287.42

8.      The total amount of Plaintiff's claims for the TORM SOFIA Charter is **$893,333.75**.

## SECOND CAUSE OF ACTION FOR
## BREACH OF CHARTER OF M/V OVERSEAS LIMAR

9. By a charter party dated on or about June 11, 2007 ("the OVERSEAS LIMAR CHARTER"), Plaintiff chartered the M/V OVERSEAS LIMAR ("the OVERSEAS LIMAR") to STI. By Addendum dated September 9, 2007, Plaintiff, STI, and Defendant agreed that Defendant would take the place of STI in OVERSEAS LIMAR Charter.

10. In breach of the OVERSEAS LIMAR Charter, Defendant failed to pay demurrage and other amounts due in the sum of $73,239.59, which remains unpaid, despite due demand.

11. The Charter provides for arbitration of disputes in London, England. Plaintiff has commenced will shortly commence arbitration and reserves its right to arbitrate the disputes, pursuant to 9 U.S.C. §8.

12. Maritime Arbitrators in London award interest, legal fees and arbitral costs to a successful party. If the dispute is arbitrated through a final award, Plaintiff estimates: recoverable interest will amount to at least $11,718.33 at a rate of 8% per year for at least 2 years; recoverable arbitral costs will be incurred in pursuing its claim against Defendant in the sum of at least $50,000; and recoverable legal expenses will be incurred in the sum of at least $50,000, amounting in all to recoverable interest and expenses of at least $111,718.33.

13. The total amount of Plaintiff's claims for the OVERSEAS LIMAR Charter is **$184,957.92.**

\*   \*   \*

14. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil

Procedure, but Defendant is believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire credits in the hands of garnishees in this District, including but not limited to electronic fund transfers.

15. The total amount of Plaintiff's claims for the M/V TORM SOFIA and the M/V OVERSEAS LIMAR for which Plaintiff requests is **$1,078,291.67.**

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendants' tangible or intangible property or any other funds held by any garnishee, including electronic fund transfers to or from Defendant, in the district which are due and owing or otherwise the property of the Defendant up to the amount of **$1,078,291.67** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That this Court enter judgment for Plaintiff's damages plus interest and costs, or retain jurisdiction over this matter through the entry of a judgment on an arbitration award.

       D.      That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
       February 1, 2008

       Respectfully submitted,

       BLANK ROME, LLP
       Attorneys for Plaintiff

       By _____
          LeRoy Lambert (LL-3519)
       The Chrysler Building
       405 Lexington Avenue
       New York, NY 10174-0208
       (212) 885-5000

## VERIFICATION

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF NEW YORK   )

LeRoy Lambert, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
LeRoy Lambert

Sworn to before me this
1st day of February, 2008

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qualified in Nassau Cty.
Certificate Filed in New York County
Commission Expires Nov 30, 2009

BLANK ROME LLP
Attorneys for Plaintiff
LeRoy Lambert (LL 3519)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MANSEL OIL LIMITED,<br><br>　　　　　　Plaintiff,<br><br>　　-against-<br><br>SWIFT AVIATION GROUP, INC.,<br><br>　　　　　　Defendant. | 08 Civ.<br><br>**AFFIDAVIT PURSUANT TO**<br>**SUPPLEMENTAL RULE B** |

STATE OF NEW YORK　)
　　　　　　　　　　　) ss:
COUNTY OF NEW YORK )

　　LeRoy Lambert, being duly sworn, deposes and says:

　　1.　　I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the Verified Complaint and submit this affidavit in support of Plaintiff's request for the issuance of Process of Maritime Attachment and Garnishment of the property of SWIFT AVIATION GROUP, INC ("Defendant"), a foreign corporation, pursuant to Supplemental Rule B For Certain Admiralty and Maritime Claims of the Federal Rules of the Federal Rules of Civil Procedure.

　　2.　　Defendant is a party to the maritime contract of charter parties on which this claim is based and is an Arizona corporation.

129053.00601/6611646v.1

3. Under my supervision, my office conducted a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

4. In our search, we did not find any listing or reference to Defendant in this judicial district or the state of New York. In the circumstances, I believe Defendant cannot be found within this district.

_____
LeRoy Lambert

Sworn to before me this
1st day of February, 2008

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126. Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires Nov 30, 2009

2

129053.00601/6611646v.1