John L. Gardiner
Julie Bédard
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
Tel: (212) 735-3000
Fax: (212) 735-2000

Attorneys for Defendant

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| **MANSEL OIL LIMITED,** *Plaintiff,* | |
| v. | 08 CIV. 1086 (GBD) |
| | **DEFENDANT'S VERIFIED ANSWER** |
| **SWIFT AVIATION GROUP, INC.** *Defendant.* | Electronically Filed |

---

Defendant, Swift Aviation Group, Inc., by its undersigned attorneys, Skadden, Arps, Slate, Meagher & Flom LLP, answers the complaint ("Complaint") of Plaintiff, Mansel Oil Limited, as follows:

1. Denies each and every allegation contained in paragraph 1 of the Complaint, except admits that Plaintiff purports to bring this action as an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Plaintiff purports to base jurisdiction over the subject matter of this action under 28 U.S.C. §1333.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. Admits the allegations contained in paragraph 3 of the Complaint.

## FIRST CAUSE OF ACTION FOR
## BREACH OF CHARTER OF M/V TORM SOFIA

4. Denies the allegations contained in paragraph 4 of the Complaint and refers the Court to the TORM SOFIA Charter and Addendum referenced in paragraph 4 of the Complaint for the full contents thereof.

5. Denies the allegations contained in paragraph 5 of the Complaint and refers the Court to the TORM SOFIA Charter and Addendum referenced in paragraph 5 of the Complaint for the full contents thereof and denies Defendant owes any of the amounts alleged therein.

6. Denies the allegations contained in paragraph 6 of the Complaint, except admits the TORM SOFIA Charter provides for arbitration of disputes in London, England and otherwise refers the Court to the TORM SOFIA Charter for the full contents thereof.

7. Denies the allegations contained in paragraph 7 of the Complaint, except declines to respond to so much of paragraph 7 as constitutes a conclusion of law on the grounds that no responsive pleading is required thereto.

8. Denies the allegations contained in paragraph 8 of the Complaint, except admits that Plaintiff claims it is owed $893,333.75 under the TORM SOFIA Charter.

## SECOND CAUSE OF ACTION FOR
## BREACH OF CHARTER OF M/V OVERSEAS LIMAR

9. Denies the allegations contained in paragraph 9 of the Complaint and refers the Court to the OVERSEAS LIMAR Charter and Addendum referenced in paragraph 9 of the Complaint for the full contents thereof.

10. Denies the allegations contained in paragraph 10 of the Complaint and refers the Court to the OVERSEAS LIMAR Charter and Addendum referenced in paragraph 10 of the Complaint and denies Defendant owes any of the amounts alleged therein.

11. Denies the allegations contained in paragraph 11 of the Complaint, except admits the OVERSEAS LIMAR Charter provides for arbitration of disputes in London, England and otherwise refers the Court to the OVERSEAS LIMAR Charter for the full contents thereof.

12. Denies the allegations contained in paragraph 12 of the Complaint, except declines to respond to so much of paragraph 12 as constitutes a conclusion of law on the grounds that no responsive pleading is required thereto.

13. Denies the allegations contained in paragraph 13 of the Complaint, except admits that Plaintiff claims it is owed $184,957.92 under the OVERSEAS LIMAR Charter.

* * *

14. Denies the allegations contained in paragraph 14 of the Complaint.

15. Denies the allegations contained in paragraph 15 of the Complaint, except admits that Plaintiff claims it is owed $1,078,291.67 for the M/V TORM SOFIA and the M/V OVERSEAS LIMAR charters.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

16. Plaintiff's allegations against Defendant fail to state any claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Lack of Standing)

17. Plaintiff's allegations fail to comply with the requirements of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims because Plaintiff has not commenced any arbitration proceedings against Defendant and therefore it does not have standing to seek relief under Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and any such relief is premature.

18. Furthermore and in any event, the TORM SOFIA Charter and the OVERSEAS LIMAR Charter both provide for arbitration of disputes in London, England and therefore the merits of Plaintiff's allegations in the Complaint must be determined by the arbitral tribunal to be duly appointed under the TORM SOFIA Charter and the OVERSEAS LIMAR Charter, if and when Plaintiff commences any arbitration proceedings.

### THIRD AFFIRMATIVE DEFENSE

#### (Dismissal or Stay Pending Arbitration)

19. Plaintiff has brought a suit in this Court upon issues referable to arbitration under agreements in writing for such arbitration, namely, the TORM SOFIA Charter and the OVERSEAS LIMAR Charter. Pursuant to the Federal Arbitration Act, this Court, in which such suit concerning issues referable to arbitration currently is pending, must dismiss or stay the

action until arbitration has been had in accordance with the terms of the arbitration agreement contained in the TORM SOFIA Charter and the OVERSEAS LIMAR Charter.

## FOURTH AFFIRMATIVE DEFENSE

### (Forum Non Conveniens)

20. This Court should decline jurisdiction over the Plaintiff's action under its inherent and discretionary power to dismiss a suit on *forum non conveniens* grounds.

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Personal Jurisdiction)

21. This Court does not have personal jurisdiction over Defendant and the Plaintiff's action therefore should be dismissed.

WHEREFORE, Defendant respectfully requests that the Court enter Judgment in favor of Defendant:

(a) dimissing the Complaint with prejudice;

(b) in the alternative, stay the action pending arbitration;

(c) awarding Defendant the costs and expenses incurred in this action, including reasonable attorneys' fees; and

(d) such other and further relief as this Court deems just and proper.

Dated: New York, NY
      March 17, 2008

Respectfully submitted,

SKADDEN, ARPS, SLATE
MEAGHER & FLOM LLP

By: _____
    John L. Gardiner
    John.Gardiner@skadden.com
    Julie Bédard
    Julie.Bedard@skadden.com

Four Times Square
New York, NY 10036
(212) 735-3000
Attorneys for Defendant

## VERIFICATION

STATE OF NEW YORK )
: ss.:
COUNTY OF NEW YORK )

John L. Gardiner, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Skadden, Arps, Slate, Meagher & Flom LLP, attorneys for Defendant.

2. I have read the foregoing Verified Answer and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Defendant is that Defendant is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Defendant.

_____
John L. Gardiner

Sworn to before me this
17th day of March, 2008

_____
Notary Public

, 2008