EDWARD C. RADZIK (ER-2473)
CAROLYN ELIZABETH BUNDY (CM-1464)
McDERMOTT & RADZIK, LLP
*Attorneys for Intervenor*
Wall Street Plaza
88 Pine Street – 21st Floor
New York, NY  10005-1801

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

MANSEL OIL LIMITED,

        Plaintiff,

  - against -

SWIFT AVIATION GROUP, INC.

        Defendant.

------------------------------------------------------------X

ECF CASE

08 Civ. 1086 (GBD)


## MEMORANDUM OF LAW IN SUPPORT OF INTERVENOR SWIFT AIR LLC'S MOTION TO VACATE PLAINTIFF'S ATTACHMENT


Respectfully submitted,

OF COUNSEL:

Edward C. Radzik
Carolyn Elizabeth Bundy

**McDERMOTT & RADZIK, LLP**
Attorneys and Counselors-at-Law
Wall Street Plaza
88 Pine Street, New York, NY  10005-1801
Telephone: (212) 376-6400   Fax: (212) 376-6490

## PRELIMINARY STATEMENT

Intervenor, Swift Air, LLC ("Swift Air"), by its attorneys, McDERMOTT & RADZIK, LLP, submits this Memorandum of Law in support of its motion, pursuant to Supplemental Admiralty Rule E(4)(f) of the Federal Rules of Civil Procedure and Local Admiralty Rule E.1, to vacate Plaintiff's attachment of an electronic funds transfer (EFT) in the amount of $118,136.00, which is presently being restrained by garnishee, Bank of America. There is no dispute that this property belongs to Swift Air, who is not named as a defendant in the Verified Complaint filed by Plaintiff.

Swift Air and Defendant Swift Aviation Group Inc. ("Swift Aviation") are related companies but operate independently and separately from one another. The attached EFT is a debt owed to Swift Air by one of its customers in respect of a transaction unrelated to any of the transactions between Plaintiff and Defendant described in the Verified Complaint. Defendant, Swift Aviation, does not have an interest in the EFT wrongfully attached by the plaintiff and restrained by Bank of America. The restraint of the EFT belonging to Swift Air exceeds the scope of the attachment order obtained by Plaintiff. The attachment should be vacated pursuant to Supplemental Admiralty Rule E(4)(f) of the Federal Rules of Civil Procedure. The Court should direct the garnishee, Bank of America, to immediately release the $118,136.00 wrongfully attached funds to Intervenor, Swift Air.

## FACTS[1]

Plaintiff Mansel Oil, Ltd. ("Mansel" or "Plaintiff") filed its verified complaint on February 1, 2008, in accordance with the exparte attachment and garnishment procedures provided by Rule B of the Supplemental Admiralty Rules of the Federal Rules of Civil

---

[1] Intervenor incorporates by reference the facts set forth in the accompanying Affidavit of J. Kevin Burdette and for the sake of brevity those facts will not be repeated herein at length.

Procedure. Plaintiff's Verified Complaint named one defendant -- Swift Aviation. Plaintiff's underlying dispute with Swift Aviation related to two charter party agreements under which Swift Aviation allegedly owed Plaintiff One Million Dollars. Through its Verified Complaint, Plaintiff sought, *inter alia*, to attach and garnish any Swift Aviation property within the district. Plaintiff did not name Swift Air in its Verified Complaint, and did not seek to attach and garnish Swift Air property.

The Court issued its attachment order a few days later, on February 5, 2008. The order named 13 banking institutions and authorized attachment and garnishment of property that belonged to defendant, Swift Aviation. Plaintiff did not ask for, nor did the Court grant, authority to attach or garnish the property of any other entity, including Swift Air.

On February 15, 2008, Plaintiff intercepted a $118,136.00 electronic funds transfer sent to Swift Air by Elite Air, Ltd. ("Elite") for air transportation services performed by Swift Air. Elite, a Canadian company, attempted to wire the funds from its Canadian bank to Swift Air's bank account in Chicago. Elite's Canadian bank used garnishee, Bank of America, as an intermediary in the wire transfer transaction.

The EFT at issue belongs to Swift Air and not Swift Aviation. Swift Air, therefore requests the court to order garnishee, Bank of America, to immediately release the funds to Swift Air.

2

# LEGAL ARGUMENT

## POINT I

### PLAINTIFF'S ATTACHMENT FAILS TO MEET THE REQUIREMENTS OF RULE B

Rule E(4)(f) of the Supplemental Admiralty Rules provides the procedure for moving to vacate a Rule B attachment:

> (f)  *Procedure for Release From Arrest or Attachment.* Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules. The plaintiff has the burden in any post-attachment hearing that the attachment is valid.

The plain language of Supplemental Admiralty Rule B states that only the tangible and intangible property of a named Defendant will be subject to an attachment.

Since the only named Defendant, Swift Aviation, does not have any interest in the funds attached, the attachment must be vacated and the funds released to Intervenor, Swift Air.

Rule E(4)(f) allows any person whose property has been attached an opportunity to appear before the district court to contest the attachment.

If the plaintiff fails to demonstrate that it has met the requirements of Rules B and E, the court must vacate the attachment. *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 435, 445 (2d Cir. 2006).

Rule B limits the scope of an attachment to a defendant who is named in a Verified Complaint. Since Swift Air is not named in the Verified Complaint, Plaintiff cannot attach Swift Air's funds. *Winter Storm Shipping Ltd. v. TPI*, 310 F.2d 263, 269 (2d Cir. 2002). Further, because Swift Air was not named in the Complaint, Plaintiff did not aver, as required by Rule B,

3

that Swift Air could not "be found with the district." Thus, the attachment must be vacated for failure to comply with the requirements of Rule B.

## POINT II

### THE RESTRAINT OF SWIFT AIR'S FUNDS EXCEEDS THE SCOPE OF THE ORDER OF ATTACHMENT

The clear and concise language of Supplemental Admiralty Rule B(1) provides that only a defendant's tangible and intangible property will be subject to an order of a maritime attachment.

To sustain an attachment under Rule B(1), the plaintiff must demonstrate that "(1) it has a valid *prima facie* admiralty claim against the defendant; (2) the defendant cannot be found within the district; (3) the defendant's property may be found within the district; and (4) there is no statutory or maritime law bar to the attachment." *Aqua Stoli*, 460 F.3d at 445-46. If the plaintiff fails to satisfy this burden, the district court must vacate the attachment. *T&O Shipping Ltd. v. Source Link Co.*, 2006 U.S. Dist. LEXIS 88153 (S.D.N.Y. Dec. 6, 2006) (vacating an attachment on the grounds Rule B limits the scope of the attachment to a defendant who is named in the Complaint). *See also DS Bulk Pte. Ltd. v. Calder Sea Carrier Corp*, 2006 U.S. Dist. LEXIS 39242 (S.D.N.Y. June 13, 2006).

In this case, the Order directing the Clerk to issue a Process of Maritime Attachment and Garnishment is limited to restraining tangible and intangible property belonging to the named Defendant, Swift Aviation.

It is undisputed that the plaintiff's attachment of an EFT passing through Bank of America was property belonging solely to Swift Air and that the Defendant, Swift Aviation, did not have an interest in the attached funds. Plaintiff has thus exceeded the scope of the attachment order by attempting to restrain the property belonging to Swift Air who is not named

4

as a Defendant. For this reason, the attachment at the Bank of America must be vacated and the Court should order the funds be released by the garnishee to Swift Air.

## POINT III

### THE PLAINTIFF'S ATTACHMENT IS PROCEDURALLY, JURISDICTIONALLY AND CONSTITUTIONALLY DEFECTIVE

Supplemental Rule B requires a plaintiff to "make a *prima facie* showing that [it] has a maritime claim against the defendant in the amount sued for." Fed. R. Civ. P. B. advisory committee's note. Because Mansel failed to name Swift Air as a Defendant, Plaintiff cannot make this *prima facie* showing.

In addition to being technically deficient, Plaintiff's attachment fails to serve either of the two purposes of obtaining a maritime attachment: (1) to assure satisfaction of a judgment if a suit is successful; and (2) to establish jurisdiction over the defendant. *See Winter Storm*, 310 F.3d. at 268; *Seawind Compania S.A. v. Cresent Line*, 320 F.2d 580, 581-582 (2d Cir. 1963). Because Swift Air is not a Defendant in this action, the purpose of the attachment is not to secure Swift Air's property in order to obtain jurisdiction. Furthermore, the controversy, according to Plaintiff's Verified Complaint, arises under the charter parties entered into between Plaintiff and Swift Aviation, Plaintiff has no right to a judgment against Swift Air and the attachment does not "assure satisfaction of any decree in libellant's favor." *Seawind Compania, S.A.*, 320 F.2d at 582.

Plaintiff's attachment is also constitutionally defective insofar as it cannot survive minimal due process scrutiny. "Modern conceptions of fairness . . . dictate that actual notice be given to persons known to have an interest in the property that is the subject of the action where that is reasonably practicable." *Winter Storm*, 310 F.3d at 269. Actual notice is fulfilled when a

plaintiff names a defendant in the Complaint. *Id.* Here, plaintiff failed to provide Swift Air with actual notice that Mansel acquired an interest in Swift Air's property because the Complaint failed to name Swift Air as a defendant.

Finally, from reading the Verified Complaint, it is not clear that Plaintiff has commenced London Arbitration proceedings against the Defendant. Accordingly, "it is premature to attach funds in security of arbitration in London when that arbitration has not been initiated." *Eitzen Sealift A/S v. Cementos Adinos Dominicanos, S.A.*, 2005 U.S. Dist. LEXIS 19876 (S.D.N.Y. Sept. 9, 2005).

## CONCLUSION

For all of the reasons stated herein, Plaintiff's Attachment of non-party Swift Air's property should be vacated and garnishee, Bank of America, should be directed to release the attached funds immediately.

Dated: New York, NY
March 24, 2008

Respectfully submitted,

McDERMOTT & RADZIK, LLP

By: *[signature]*
- EDWARD C. RADZIK (ER-2473)
CAROLYN ELIZABETH BUNDY (CM-1464)
Wall Street Plaza
88 Pine Street – 21st Floor
New York, NY  10005-1801
(212) 376-6400

6