BLANK ROME LLP
Attorneys for Plaintiff
MANSEL OIL LIMITED
LeRoy Lambert (LL 3519)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MANSEL OIL LIMITED,<br><br>                    Plaintiff,<br><br>          -against-<br><br>SWIFT AVIATION GROUP, INC.,<br><br>                    Defendant. | 08 Civ. 1086 (GBD) |

**MEMORANDUM OF LAW IN
SUPPORT OF MOTION FOR LEAVE TO
FILE AN AMENDED COMPLAINT; TO
ISSUE AMENDED ORDER OF ATTACHMENT; AND
TO ATTACH THE FUNDS PRESENTLY ATTACHED
PURSUANT TO THE AMENDED ORDER**

**Of Counsel,**

         **LeRoy Lambert**

Plaintiff, Mansel Oil Limited, respectfully submits this Memorandum of Law in Support of its Motion for Leave to File an Amended Complaint in the form annexed as Exhibit A to the accompanying Affidavit of LeRoy Lambert ("Lambert Aff."); for an Amended Order of Attachment against property in this District of any of the Defendants in the form annexed as Exhibit C to the Lambert Affidavit; and for an order deeming any funds presently attached under the Court's prior Order of February 5, 2008, as being attached pursuant to the Amended Order.[1]

On April 4, 2008, Mansel sought the relief requested herein by Order to Show Cause on an expedited briefing and hearing schedule. The Court denied the application (Docket #21), and Plaintff now moves by normal motion schedule for the requested relief.

**ARGUMENT**

**POINT I**

**MOTIONS FOR LEAVE TO FILE AMENDED COMPLAINTS SHOULD BE FREELY GRANTED.**

Federal Rules of Civil Procedure 15(a)(2) provides that the court "should freely give leave when justice so requires" and should be permitted here. *E.g.*, *Tide Line, Inc. v. Easttrade Commodities, Inc.*, 2006 U.S. Dist LEXIS 95870 (August 15, 2006); *Tide Line, Inc. v. Easttrade Commodities, Inc.*, 2006 U.S. Dist LEXIS 60770 (August 25, 2006). The Verified Amended Complaint is annexed as Exhibit A to the Lambert Affidavit.

Count III is new and alleges a cause of action against Defendant Swift Aviation Group, Inc. ("Swift Aviation Group") and four subsidiaries of Swift Aviation Group, all of whom do business under the name "Swift Aviation Group." The allegations state a cause of action which, if proved at trial, would result in a judgment against all five defendants on the causes of action alleged in Counts I and II.

---

[1]     On April 4, 2008, Mansel sought the relief requested herein by Order to Show Cause on an expedited briefing and hearing schedule. The Court denied the application (Docket #21), and Mansel now moves by normal motion scheduling for the requested relief.

1

In particular, since this Court issued its Order of February 5, 2008, against property of Swift Aviation Group in this District, Plaintiff has been notified on only two occasions of electronic funds transfers moving through New York in the name of Swift Aviation Group. As of today's date, proposed new Defendant Swift Air LLC contends that one is its property and that the reference to "Swift Aviation Group" was a "mistake" by it, Swift Air LLC.[2]  Swift Air LLC has not yet taken a position as to the other transfer restrained on April 4, 2008.

## POINT II

### THE COURT SHOULD ISSUE THE AMENDED ORDER OF ATTACHMENT.

None of the Defendants can be found in this District within the meaning of Supplemental Rule B. Lambert Aff., Ex. B. The Amended Order of Attachment should therefore be issued. *Aqua Stoli Shipping Ltd v. Gardner Smith Pty Ltd*, 460 F.3d 434 (2d Cir. 2006).

## POINT III

### THE COURT SHOULD ORDER THAT ALL FUNDS PRESENTLY UNDER ATTACHMENT REMAIN ATTACHED PURSUANT TO THE AMENDED ORDER.

In circumstances analogous to those presented here, Judges Wood and Berman have held that an amended order of attachment, such as the one Plaintiff seeks here, may continue to restrain funds attached under a previous order. *Tide Line*, *supra* (both opinions); *Phoenix Bulk Carriers Ltd v. Unicarbon Ltd.*, No. 07 Civ. 10404 (RMB) (S.D.N.Y. February 13, 2008). Lambert Aff., Ex. D.

---

[2]    By Order dated April 4, 2008, the Court vacated the attachment of the first transfer on the basis that Mansel had not met its burden of showing that it was property of Swift Aviation Group under the allegations of the original complaint.  Mansel requested that same day that the Court reconsider its decision.  Decision on the motion for reconsideration is pending.

2

Judge Karas, on the other hand, has held in analogous circumstances that an amended attachment order pursuant to an amended complaint naming new defendants may not restrain funds attached under the prior order. *T&O Shipping Ltd v. Source Link Co., Ltd*, 2006 U.S. Dist. LEXIS 885133 (S.D.N.Y. December 6, 2006).

We respectfully submit that the better view is that expressed by Judges Wood and Berman, especially in the circumstances here, given the facts revealed in connection with the pending motion by Swift Air LLC to vacate the attachment and the allegations now made in Count III of the proposed Verified Amended Complaint.

## CONCLUSION

The Court should grant Plaintiff Leave to File an Amended Complaint in the form annexed as Exhibit A to the Lambert Affidavit; issue an Amended Order of Attachment against property in this District of any of the Defendants in the form annexed as Exhibit C to the Lambert Affidavit; and deem any funds presently attached under the Court's prior Order of February 5, 2008, as being attached pursuant to the Amended Order.

Dated:  New York, NY
    April 7, 2008

                        BLANK ROME LLP
                        Attorneys for Plaintiff

                        By _____
                            LeRoy Lambert (LL 3519)
                        The Chrysler Building
                        405 Lexington Avenue
                        New York, NY  10174-0208
                        Tel.:  (212) 885-5000
                        Fax:  (212) 885-5001

129053.00601/6629312v.1