BLANK ROME LLP
Attorneys for Plaintiff
MANSEL OIL LIMITED
LeRoy Lambert (LL 3519)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MANSEL OIL LIMITED,<br><br>             Plaintiff,<br><br>     -against-<br><br>SWIFT AVIATION GROUP, INC.,<br><br>             Defendant. | 08 Civ. 1086 (GBD)<br><br>**AFFIDAVIT OF LEROY LAMBERT<br>IN SUPPORT OF MOTION** |

STATE OF NEW YORK     )
                      )     ss:
COUNTY OF NEW YORK  )

LeRoy Lambert, being duly sworn, deposes and states:

1.     I am a partner in the law firm of Blank Rome LLP and duly admitted to practice before this Court.  I represent Plaintiff Mansel Ltd. Oil ("Mansel").  I make this affidavit in support of Mansel's motion for leave to file an Amended Complaint and for the Issuance of an Amended Order of Attachment.  I previously submitted

2.     I annex as Exhibit E a copy of a message dated March 25, 2008, from Sarah Swanson of the Bank of America containing the details of the EFT restrained by the Bank of America on February 15, 2008.

3.     I annex as Exhibit F a copy of a letter and Exhibits D and E thereto provided by Swift Air to the Court and to me at about 4:00 p.m. on April 4, 2007.  I have numbered the pages

1-9 in the bottom right-hand corner for ease of reference. Pages 5-7 consist of Exhibit D which is said to be an agreement between Swift Air LLC and EliteJet Ltd pursuant to which EliteJet wired the $118,136 which was restrained by the Bank of America. Exhibit D was prepared by Swift Air LLC and sent to EliteJet. On page 7, Swift Air caused the following instruction to be inserted in the agreement:

Wire Transfer Instructions
National City Bank of the Midwest
ABA #072000915
To Further Credit:  General Ledger Account 2171250008062
To Further Credit:  Swift Aviation Group
Attention: Travel Services

4.    I annex as Exhibit G my letter to the Court at about 6:52 p.m. on April 4, 2007, asking that the Court reconsider its decision to grant the motion of Swift Air to vacate the attachment of $118,136 under the original Attachment Order.

5.    I annex as Exhibit H a copy of a letter I caused to be faxed to the Court on April 4, 2007. It concerns a transfer from Red Apple Aviation, Inc. for the benefit of "Swift Aviation Group," in the amount of $49,300.

6.    I annex as Exhibit I copies of two pages from the website of Oasis Trading Group, LLC, www.oasisgroup.org:  "About Us" and "Management."

_____
LeRoy Lambert

Sworn to before me this
21st day of May, 2008

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
129053.0060 KG040130V.1  Commission Expires  Nov-30, 2009

# Exhibit  E

**Lambert, LeRoy**

| | |
|---|---|
| **From:** | Swanson, Sarah L -Legal [sarah.l.swanson@bankofamerica.com] |
| **Sent:** | Tuesday, March 25, 2008 12:48 PM |
| **To:** | Lambert, LeRoy |
| **Cc:** | Mitchell, Neal; Heather Forgey; julie.bedard@skadden.com; eradzik@mcdermottradzik.com; Swanson, Sarah L -Legal |
| **Subject:** | RE: Mansel Oil v. Swift Aviation |
| **Sensitivity:** | Confidential |
| **Attachments:** | Swanson, Sarah L.vcf |

Dear Mr. Lambert,

Pursuant to your request, the detailed wire transcript regarding transaction # trn_217418.txt  TRN# 20080215-00217418  in the amount of  USD 118,136.00 regarding COURT ORDER-SWIFT AVIATION GROUP is as follows:


-----Original Message-----

From: Swanson, Sarah L -Legal

Sent: Friday, February 15, 2008

To:

Cc:

Subject: RE: trn_217418.txt TRN# 20080215-00217418 USD 118,136.00 COURT ORDER-SWIFT AVIATION GROUP

To All,

Per Barry's office a PMAG was received on this matter. Additionally, Plaintiff's counsel, Mr. Lambert of Blank Rome desires to interfere with these funds. Thus you must freeze the monies.

Kindly provide a response email confirming the funds have been placed in the Maritime Holding Account.

Have a nice day,

Sarah

Mail Code: NC1-002-29-01

Phone: 704.386.9334

Fax: 704.719.8478


-----Original Message-----

From:

*E*

5/19/2008

Sent: Friday, February 15, 2008

To: Swanson, Sarah L -Legal

Cc:

Subject: RE: trn_217418.txt TRN# 20080215-00217418 USD 118,136.00 COURT ORDER-SWIFT AVIATION GROUP

.

< < < AIX VERSION 1.2 > > >

RCVD FROM CANADIAN IMPERIAL BANK OF COMMERCE595 BAY ST. SUITE 700 SENDER'S DDA #

*** Message: NOT TESTED. ***

TRN REF #: 20080215-00217418

----------------------------------------------------------------------------------

**** MESSAGE ENVELOPE **** ( Bank : NYK )

SND DATE: 08/02/15

SRC:SWF CALLER: EXT:

RPT# AMT:118,136.00 CUR:USD TRDR#

TEST: {} DUE: TYP:FTR/1000 FNDS:S CHG:DB:N CD:N COM:C CBL:N

----------------------------------------------------------------------------------

DBT D/ / CDT *A/ ADV:FED

DEBIT VAL: 08/02/15 CREDIT VAL: 08/02/15

CANADIAN IMPERIAL BANK OF COMMERCE NATIONAL CITY BANK

595 BAY STREET, SUITE 700 KALAMAZOO, MI

TORONTO, CANADA

SEND:S/ BNF:/ GENERAL LE CHG:B BK?N

CANADIAN IMPERIAL BANK OF COMMERCE DGER ACCT.

595 BAY ST. SUITE 700 SWIFT AVIATION GROUP

TORONTO, CANADA 2406 SOUTH 24TH ST.

SNDR REF NUM:1278899 PHOENIX AZ US 85034

ORDERING BNK:S/ ORIG TO BNF INFO:

CANADIAN IMPERIAL BANK OF COMMERCE PORTLAND 13 18 FEBRAURY 08

PAYMENT CENTRE, SUITE 700:

595, BAY STREET

TORONTO,CA

ORIG:/

ELITEJET LTD.

174 SCARBOROUGH RD

TORONTO ON CA M4E 3M6


{1: }

{2: }

SWIFT Message Text

Output time: 14:19 Output sequence number: 940608

S/

BANK OF AMERICA, NA

NEW YORK BRANCH

100 WEST 33RD STREET, 4TH FLOOR

NEW YORK, NEW YORK 10001

Input time: 14:19 Input sequence number: 314955

S/

CANADIAN IMPERIAL BANK OF COMMERCE

595 BAY ST. SUITE 700

TORONTO, CANADA

Swift Checksum:

Single Customer Credit Transfer (TYPE: 103)

:20: /Transaction Reference Number:

1278899

5/19/2008

:23B: /Bank Operation Code:

:32A: /Value Date, Currency, Interbank Settled Amount:

Date: 08/02/15 USD 118,136.00

:33B: /Currency, Instructed Amount:

USD 118,136.00

:50K: /Ordering Customer:

/

ELITEJET LTD.

174 SCARBOROUGH RD

TORONTO ON CA M4E 3M6

:52A: /Ordering Institution:

S/

CANADIAN IMPERIAL BANK OF COMMERCE

PAYMENT CENTRE, SUITE 700:

595, BAY STREET

TORONTO,CA

:57D: /Account With:

//

NATIONAL CITY BANK OF THE MIDWEST

USA

:59: /Beneficiary Customer:

/ GENERAL LEDGER ACCT.

SWIFT AVIATION GROUP

2406 SOUTH 24TH ST.

PHOENIX AZ US 85034

:70: /Remittance Information:

PORTLAND 13 18 FEBRAURY 08

5/19/2008

:71A: /Details of Charges:

BEN

:71F: /Sum of Sender's Charges:

USD 0.00

-}

{5:

{CHK: }}

Sincerely,

*Sarah*

**Sarah L. Swanson, NCCP**
**Paralegal/AVP**
**Bank of America – Legal Department**
**GCIB: GPS & GWIM**
*Maritime*

Phone: 704.386.9334 - (Effective March 08 - area code changing to 980)
Fax:  704.719.8478
Email:  sarah.l.swanson@bankofamerica.com

Bank of America

Mail Code: NC1-002-29-01

101 S. Tryon Street - 36th Floor

Charlotte, NC  28255-0001

*This transmission, together with any attachments, is confidential, intended for only the named recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. The sender does not waive any privilege or confidentiality in the event of an inadvertent transmission to an unauthorized recipient. In the event of such a transmission, you are hereby notified that any use, dissemination, distribution or copying of this message, or any attachment, is strictly prohibited.*

*If you have received this message in error, please immediately contact the sender and delete this e-mail and any attachments from your computer. Thank you.*

---

**From:** Lambert, LeRoy [mailto:llambert@BlankRome.com]
**Sent:** Tuesday, March 25, 2008 8:47 AM
**To:** Swanson, Sarah L -Legal
**Cc:** Mitchell, Neal; Heather Forgey; julie.bedard@skadden.com; eradzik@mcdermottradzik.com
**Subject:** Mansel Oil v. Swift Aviation
**Sensitivity:** Confidential

Dear Sarah,

5/19/2008

I refer to your message below of February 15.

Yesterday, a company called Swift Air intervened in the action and contends that it was the beneficiary of the eft described below.   Your email states that the beneficiary was Swift Aviation.

Kindly provide a copy of the remittance details.

Reading in copy are the attorneys for Swift Aviation and Swift Air.  Kindly copy them on your response.

If you require a subpoena, let me know immediately.  The return date for the motion is this Thursday, March 27.

**LeRoy Lambert | Blank Rome LLP**
The Chrysler Building 405 Lexington Avenue | New York, NY 10174-0208
Phone: 212.885.5148 | Cell: 973-444-2683 | Fax: 917.332.3838 | Email: LLambert@BlankRome.com

---

**From:** Swanson, Sarah L -Legal [mailto:sarah.l.swanson@bankofamerica.com]
**Sent:** Friday, February 15, 2008 5:54 PM
**To:** Lambert, LeRoy
**Cc:** Swanson, Sarah L -Legal
**Subject:** RE: LeRoy Lambert at Blank Rome
**Importance:** High
**Sensitivity:** Confidential

RE: trn_217418.txt  TRN# 20080215-00217418  USD 118,136.00 COURT ORDER-SWIFT AVIATION GROUP

Dear Mr. Lambert,

Pursuant to our phone conversation, kindly note the above wire transaction that BANA is restraining for your firm per the attached WRIT.  Note the funds are for the beneficiary:

SWIFT AVIATION GROUP

2406 SOUTH 24TH ST.

PHOENIX AZ US 85034

Kindly provide a response email confirming you have notified your party defendant accordingly.

*Have a nice day,*

*Sarah*

Mail Code:  NC1-002-29-01
Phone:  704.386.9334

5/19/2008

Fax: 704.719.8478

SPREAD THE SPIRIT! *Have you sent a Bank of America Spirit Celebration Card today?  It is easy to do, just click on the link below:*

*http://spirit.bankofamerica.com/*

*Nomination form can be found at: http://spirit.bankofamerica.com/discovery/legal/2004_Nom_form.doc*

---

**From:** Lambert, LeRoy [mailto:llambert@BlankRome.com]
**Sent:** Friday, February 15, 2008 5:48 PM
**To:** Swanson, Sarah L -Legal
**Subject:** LeRoy Lambert at Blank Rome

**LeRoy Lambert | Blank Rome LLP**
The Chrysler Building 405 Lexington Avenue | New York, NY 10174-0208
Phone: 212.885.5148 | Fax: 917.332.3838 | Email: LLambert@BlankRome.com

*************************************************************************************************************
This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message.  If you are not the intended recipient, please notify the sender by return email, and delete or destroy this and all copies of this message and all attachments.  Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.
*************************************************************************************************************

Any Federal tax advice contained herein is not intended or written to be used, and cannot be used by you or any other person, for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Code. This disclosure is made in accordance with the rules of Treasury Department Circular 230 governing standards of practice before the Internal Revenue Service. Any written statement contained herein relating to any Federal tax transaction or matter may not be used by any person without the express prior written permission in each instance of a partner of this firm to support the promotion or marketing of or to recommend any Federal tax transaction(s) or matter(s) addressed herein.

*************************************************************************************

# Exhibit  F

**Lambert, LeRoy**

| | |
|---|---|
| **From:** | Edward C Radzik [eradzik@McDermottRadzik.com] |
| **Sent:** | Friday, April 04, 2008 4:08 PM |
| **To:** | Lambert, LeRoy; Bedard, Julie |
| **Subject:** | Swift Air (Our File: GM-08-3617 ECR) |

**Attachments:** Judge Daniels Letter.pdf

PLEASE SEE ATTACHED LETTER.


Sincerely,


Edward C. Radzik
McDermott & Radzik, LLP
Wall Street Plaza
88 Pine Street
New York, NY 10005-1801
(212) 376-6439
Fax: (212) 376-6488

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS PRIVILEGED AND CONFIDENTIAL INFORMATION AND IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.

IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT OUR COST AT THE ABOVE ADDRESS VIA U.S. POSTAL SERVICE. THANK YOU.

F

/

McDERMOTT & RADZIK, LLP
Wall Street Plaza
88 Pine Street
New York, NY 10005-1801
Telephone: (212) 376-6400
Telecopier: (212) 376-6488
Writer's Direct Number: **(212) 376-6439**
e-mail:  eradzik@mcdermottradzik.com

April 4, 2008

*Via Telefax (212) 805-6737*
Honorable George B. Daniels
United States District Judge
United States District Court
500 Pearl Street – Room 630
New York, NY  10007

> RE:   Mansel Oil Limited v.
>        Swift Aviation Group, Inc.
>        U.S.D.C. – S.D.N.Y.
>        08 Civ. 1086 (GBD)
>        Our File:  GM-08-3617 ECR

Dear Judge Daniels:

We represent non-party Intervenor, Swift Air, LLC ("Swift Air"), appearing by way of a restricted appearance pursuant to Rule E(8) of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure.

As requested by your Honor, at the April 3, 2008 Rule E(4)(f) hearing, we enclose the below listed further documentation establishing that Swift Air, LLC is the only entity who has any right, title, control, or ownership in the restrained electronic funds transfer ("EFT"). These documents, taken in conjunction with documents already produced by Plaintiff and Swift Air, conclusively and irrefutably demonstrate that the attached EFT simply does not belong to Swift Aviation Group, Inc ("Swift Aviation").

## I.    Description of Further Documents Produced.

1)    The Aircraft Charter Agreement between Swift Air and Elite Jet, Ltd. ("Elite"), attached hereto as Swift Air's Exhibit D.

2

McDermott & Radzik, LLP

Honorable George B. Daniels
April 4, 2008
Page -2 –

---

The contract provides for Elite's charter of a Boeing 757-400 to transport 56 passengers from Dallas, Texas, to Portland, Oregon, on February 15, 2008, and from Portland back to Dallas on February 18, 2008. The contract price is $118,136.00, exactly the same amount as the restrained EFT, and requires that "[a]ll payments will be by certified check or wire transfer to Swift Air, LLC."

> 2)    A letter from National City Bank confirming that Swift Aviation Group, Inc. ("Swift Aviation") "does not have and has never had a bank account with National City," attached hereto as Swift Air's Exhibit E.

The letter confirms that (a) Swift Air has an account with National City Bank, but Swift Aviation does not, and (b) Swift Aviation has no right of control over or entitlement to funds contained in Swift Air's account.

## II.    The evidence shows that the restrained funds do not belong to Swift Aviation.

The documents described above, when taken in conjunction with other documents previously produced by Plaintiff and Swift Air, prove all of the following:

(a)    The restrained $118,136.00 EFT was sent by Elite to National City Bank of the Midwest. *See* Wire Transcript, at pg. 4, attached as Exhibit 16 to Affidavit of LeRoy Lambert in Opposition to Motion to Vacate Attachment.

(b)    Swift Air, LLC has an escrow account at National City Bank, which is governed by an Air Carrier Depository Escrow Agreement. *See* Air Carrier Depository Escrow Agreement, attached as Exhibit B to Burdette Affidavit.

(c)    Elite and Swift Air had a contract for air travel, which called for a $118,136.00 wire transfer to National City Bank of the Midwest. *See* Elite and Swift Air's Contract, attached hereto as Exhibit D.

(d)    Swift Aviation does not have, and has never had, a bank account of any kind at National City Bank of the Midwest. *See* National City Bank letter, attached hereto as Exhibit E.

3

McDermott & Radzik, LLP

Honorable George B. Daniels
April 4, 2008
Page -3 –

---

    (e)    The reference to "Swift Aviation Group" in the writing instruction in the contract for air travel between Swift Air and Elite is to the federally registered mark and not the corporate entity of Swift Aviation Group, Inc.

    (f)    Swift Aviation is not entitled to receive funds disbursed from Swift Air's escrow account at National City Bank. *See* National City Bank letter, attached hereto as Exhibit E; *see also,* Air Carrier Depository Escrow Agreement, at pg. 2, Section 2 (providing that bank shall remit earned fund "to Carrier," which is defined on pg. 1 as Swift Air.)

Swift Air has produced overwhelming evidence that the restrained funds are the proceeds of Swift Air's contract with Elite, which were wired to a Swift Air account, and do not belong to Swift Aviation Group. Plaintiff is therefore not entitled to restrain such funds, and Swift Air respectfully requests that the court grant its Motion to Vacate, and issue an order requiring Bank of America to immediately release Swift Air's $118,136.00.

We wish to thank you and your staff for the courtesies and cooperation extended to us.

                    Respectfully yours,

                    Edward C. Radzik

ECR:pf
Enclosure

cc:    *Via* E-mail: (llambert@BlankRome.com)
       LeRoy Lambert, Esq.
       BLANK ROME LLP
       The Chrysler Building
       405 Lexington Avenue
       New York, NY  10174-0208

       *Via* E-mail: (Julie.Bedard@skadden.com)
       Julie Bédard, Esq.
       SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
       Four Times Square
       New York, NY  10036-6522

4

# EXHIBIT D

5

Swift Air LLC
2406 South 24th Street
Suite E-100
Phoenix, Arizona 85034

**Aircraft Charter Agreement**

between

**Swift Air, LLC**

Contract No. **2008011000**1
Date Issued    January 10, 2008

_____ Affinity
_____ Public Charter
__X__ Single Entity

(hereinafter, and in the Terms and Conditions described as "Carrier")

and

| NAME OF CHARTERER/ COMPANY/ ORGANIZATION | | | EliteJet Ltd | | | | |
|---|---|---|---|---|---|---|---|
| RESPONSIBLE OFFICIAL: | Nicky Aylin | | TELEPHONE | (416) 691-0999 | FAX | | (416) 352-5700 |
| MAILING ADDRESS | 2050 Sheppard Avenue East, Suite .207 | (CITY) North York, Ontario | STATE | Canada | ZIP CODE M2J 5B3 | EMAIL | |
| AGENT | | | TransJet Inc | | | | |
| RESPONSIBLE OFFICIAL | Steve Kantaler | TELEPHONE | (801) 243-6278 | EMAIL | | FAX | (801) 746-3509 |
| MAILING ADDRESS IF DIFFERENT FROM ABOVE | P.O. Box 29243 | (CITY) Phoenix | STATE | AZ | ZIP CODE 85038 | FAX | (602) 275-7270 |

(hereinafter and in the Terms and Conditions described as "Charterer")

Carrier will charter to the Charterer and the Charterer agrees to charter the aircraft described in Schedule below for the flight, journey, service or period, and upon the terms specified in the Schedule subject to the Terms & Conditions attached hereto and incorporated by reference, to which the Charterer hereby agrees and accepts.

### AIRCRAFT, ROUTING, IN-FLIGHT SERVICE, CHARGES AND PAYMENT SCHEDULE

Aircraft type    B-737-400    with    68 F    Passenger seats (maximum). Baggage allowance, for each passenger,
shall be    2    checked bag(s) weighing no more than    50    pounds and    1    Carry-on bag weighing no more
than    25    pounds. Maximum other cargo or baggage shall    5,000    pounds. Carrier reserves the right to sell any remaining available

cargo space. This is not a split passenger charter contract and it is mutually agreed that the operation of this passenger charter is contingent upon the
participation of the passenger charters identified by contract number (s)    N/A    Aircraft type _____
N/A    to effect the carriage of    N/A    passengers.

| Date Begin MO/DY/YR | Flight No. | FROM | DEPT | TO | ARRV |
|---|---|---|---|---|---|
| 02-11-08 | | Dallas, TX (DAL) | 1700 | Portland, OR (PDX) | 1930 |
| 02-18-08 | | Portland, OR (PDX) | 1200 | Dallas, TX (DAL) | 1715 |

**INFLIGHT SERVICES**
Price includes all catering/bar and deicing.

**SPECIAL REMARKS**
56 passengers.  Fees are as follows:
9-11 fees are $2.50 per pax each way, segment fees are $3.50 per pax each way, PFCS are $4.50 per pax.

Fuel base is $3.00 per USG. Deicing is not included.

| CHARGES | | | | SCHEDULE OF PAYMENTS | | |
|---|---|---|---|---|---|---|
| Charter Price | $ | 108,890 00 | 1. Contract price and aircraft availability subject to cancellation if contract payments are not received by Carrier on the dates listed in the Schedule of Payments. | Deposit Amount | $ | Nonrefundable 20,000.00 |
| Federal Tax-7.5% | $ | 8,160 00 | | | | |
| Inflight Service | $ | Collect prior | | Date Due | | January 18, 2008 |
| 9-11 security fees | $ | 280 00 | 2. All payments will be by certified check or wire transfer to Swift Air, LLC | | | |
| Segment fees | $ | 392 00 | Mail Checks to: | Balance Due | $ | 98,136.00 |
| PFC's | $ | 504 00 | | | | |
| Excess fuel | $ | Bill-back | | Date Due | | February 01, 2008 |
| Total: | $ | 118,136.00 | | (X) See Attached Exhibit A for other Payment Schedule | | |

Accepted for: EliteJet Ltd
By: _[signature]_

Signature
Name    NICOLA AYLINI    Title PRES
Place    Toronto    Date 25 Jan 08

Accepted for: Swift Air LLC
By: _[signature]_

Signature
Name    Kevin Durdette    Title    Executive Vice President
Place    Phoenix, AZ    Date

6

# ELITEJET LTD.

## Exhibit A

| Date Begin MO/DY/YR | Flight No. | FROM | DEPT | TO | ARRV |
|---|---|---|---|---|---|
| 02-15-08 | | Dallas, TX (DAL) | 1700 | Portland, OR (PDX) | 1930 |
| 02-18-08 | | Portland, OR (PDX) | 1200 | Dallas, TX (DAL) | 1715 |

**INFLIGHT SERVICES**
Price excludes all catering/bar and deicing.

**SPECIAL REMARKS**
56 passengers. Fees are as follows:

9-11 fees are $2.50 per pax each way, segment fees are $3.50 per pax each way, PFCS are $4.50 per pax.

Fuel base is $3.00 per USG. Deicing is not included.

| CHARGES | | |
|---|---|---|
| Charter Price | $ | 108,800.00 |
| Federal Tax-7.5% | $ | 8,160.00 |
| Inflight Service | $ | Collect prior |
| 9-11 security fees | $ | 280.00 |
| Segment fees | $ | 392.00 |
| PFC's | $ | 504.00 |
| Excess fuel | $ | Bill-back |
| Total: | $ | 118,136.00 |

1. Contract price and aircraft availability subject to cancellation if contract payments are not received by Carrier on the dates listed in the Schedule of Payments.

2. All payments will be by certified check or wire transfer to Swift Air,LLC

Mail Checks to:

| SCHEDULE OF PAYMENTS | | |
|---|---|---|
| Deposit Amount | $ | Nonrefundable 20,000.00 |
| Date Due | | January 18, 2008 |
| Balance Due | $ | 98,136.00 |
| Date Due | | February 01,2008 |
| (X) See Attached Exhibit A for other Payment Schedule | | |

### Deposit & Cancellation Fees:

Non-refundable deposit of $20,000 is due on January 18, 2008.
Final payment in the amount of $98,136.00 is due on February 01, 2008.

### * * * * NO SMOKING ALLOWED ON AIRCRAFT AT ANY TIME. * * * *

**Total price for all above legs (per Aircraft Charter Agreement)**

### $118,136.00
**(All terms and conditions of the agreement are as per the Aircraft Charter Agreement as agreed to.)**

### Wire Transfer Instructions:
National City Bank of the Midwest
ABA # 072000915
To Further Credit: General Ledger Account 2171250008062
To Further Credit: Swift Aviation Group
Attention: Travel Services

7

# EXHIBIT E

**National City.**

**National City Bank**
**Travel Industry Financial Services**
755 West Big Beaver Road, Suite 1400
Loc. RJ40-14B
Troy, MI 48084
Fax (248) 729-8803

To whom it may concern:

This email is to confirm that Swift Air, LLC and National City Bank have entered into an Air Carrier Depository Agreement and Service Agreement effective November 1, 2006. Swift Air's depository escrow account (#1315) is solely in the name of Swift Air LLC, and no other entity, including Swift Aviation Group, Inc. is entitled to receive funds disbursed from this account pursuant to the terms and conditions of this agreement.

Pursuant to Section 2.1 of the Air Carrier Depository Agreement, Swift Air, LLC is required to provide written certification to the Bank that the charter, flight or rotation has been completed. After receipt of said certification, National City Bank is required to remit funds to Swift Air, LLC and such funds are disbursed in strict compliance with instructions from Swift Air, LLC, and no other person or entity.

Swift Aviation Group, Inc. currently does not have and has never had a bank account with National City.

Please feel free to contact me with any questions.

David J. Valpredo
Senior Vice President
National City Bank
Escrow Services for the Travel Industry
755 West Big Beaver
Suite 1400
Troy, MI 48084
Phone: 248-729-8375
Cell: 248-504-7903
Fax: 248-729-8803
david.valpredo@nationalcity.com

# Exhibit  G

**BLANK  ROME** LLP
COUNSELORS AT LAW

Phone:     212-885-5148
Fax:        917-332-3840
Email:     llambert@blankrome.com

April 4, 2008

**By Fax (212) 805-6737**
Honorable George B. Daniels
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 630
New York, New York 10007

Re:    Mansel Oil Limited v. Swift Aviation Group, Inc.<br>
08 CV 1086 (GBD)<br>
<u>Our Ref.:  129053-00601</u>

Dear Judge Daniels:

We represent Plaintiff Mansel Oil Ltd. and refer to the letter and enclosures received this afternoon from Intervenor Swift Air LLC ("Swift Air") as an email attachment at 4:04 p.m. At 5:49 p.m. I was handed a fax from your Honor timed on our machine as received at 5:39 which contained an order directing that the $118,136 be released. As directed, I confirmed receipt to Your Honor's clerk at about 5:55 p.m.

We were in the process of responding to Swift Air's 4:04 submissions to the undersigned when we received Your Honor's Order vacating the attachment.

Swift Air's letter and enclosures this afternoon manifestly do not respond to the directions Your Honor gave at the hearing on April 3, 2008. In particular, Swift Air has not responded to Your Honor's direction to provide information concerning ownership of the account to which National City Bank was instructed to wire the funds.

Indeed, the enclosures confirm that Defendant Swift Aviation Group, Inc. ("Swift Aviation Group") in fact HAS a property interest in the $118,136 at issue that and therefore that the attachment under the existing order should be maintained.

First, while Swift Air has produced the alleged contract between it and EliteJet (Exhibit D), it has not, however, produced any invoice to EliteJet for the services rendered.

The Chrysler Building  405 Lexington Avenue  New York, NY 10174-0208<br>
www.BlankRome.com

129053.00601/6629431v.1
   Delaware  •  Florida  •  New Jersey  •  New York  •  Ohio  •  Pennsylvania  •  Washington, DC  •  Hong Kong

G

Second, Swift Air has produced an additional letter from National City Bank (Exhibit E). That letter amplifies the previous Exhibit C and states that Swift Aviation Group has no accounts **at that** bank.

However, Swift Air does not produce any evidence, and has not, as to the ownership of the account to which the funds were to be disbursed from the National City Bank escrow account. Its silence, even now after Your Honor directed them to provide such evidence is as telling as it is fatal to Swift Air's motion. We quote below the relevant pages from the page 31-33 of the transcript of yesterday's hearing:

23 THE COURT: All right. Well, this is what I want. If
   24   there are written instructions indicating where the money was
   25   supposed to go out of, then I want those -- and those

32

   1   instructions obviously are instructions that -- well,
   2   regardless of what the instructions are, if there are written
   3   instructions already identifying where the money is supposed to
   4   go -- because I assume, I don't know -- I assume this may not
   5   be the first transaction between Elite and Swift Air. I don't
   6   know if this is, you know, a course of dealings that they've
   7   had in the past, this is a similar course of dealing or this is
   8   just a new contract.
   9         MR. RADZIK: I'm not sure. It seems to me this is
   10   kind of a developing business of Swift Air LLC. They've got
   11   nine or ten sports teams that they deal with, and they're
   12   trying to expand that, but...
   13         THE COURT: Well, look, if there are instructions
   14   already given as to where the money is supposed to go from the
   15   escrow account, then I want those instructions produced right
   16   away, and documentation that identifies whose account that is.
   17   And as long as Swift Aviation Group doesn't have any
   18   relationship to that.
   19         And, as I say, I'm not going to play semantics with
   20   Swift Aviation Group, Inc. with Swift Aviation Group. We don't
   21   talk about Microsoft, Inc. as opposed to Microsoft. So, I want
   22   to know whether or not candidly Swift Aviation Group is
   23   identified with regarded to being the ultimate recipient for an
   24   account that is related to Swift Aviation Group that the money
   25   was supposed to be transferred. To the extent such records

33

   1   exist, produce them. To the extent they have not been
   2   identified, then that's the answer.

INDEED, the contract, Exhibit D, is quite explicit that the funds are to be sent by National City Bank to an account for "further credit" to Swift Aviation Group:

> Wire Transfer Instructions:
> National City Bank of the Midwest
> ABA # 072000915
> To Further Credit: General Ledger Account 2171250008062
> To Further Credit: Swift Aviation Group
> Attention Travel Services

Instead of responding to Your Honor's direction above and providing evidence of ownership of the account to which the funds would be remitted by National City Bank, Swift Air contends that the ultimate account must be owned by Swift Air because the Air Carrier Depository Agreement says they shall be remitted to the Carrier. Swift Air Letter of April 4 at page 3.

But National City Bank is quite clear in is letter, Exhibit E, that "such funds are disbursed in strict compliance with instructions from Swift Air, LLC, and no other person or entity." National City Bank's letter refers to an account "1315." We still have no explanation of the "General Ledger Account," at what bank it is located, or who owns it.

Plaintiff does not know how Swift Aviation and Swift Air keep their books or settle inter-company accounts. It is certainly permissible for Swift Air to give an instruction, indeed a standing instruction, to National City Bank to transmit the funds to a Swift Aviation Group account for reasons neither Swift Air nor Swift Aviation has chosen to explain. Perhaps Swift Aviation has loaned money to Swift Air and Swift Air has assigned receivables to Swift Aviation Group.

Moreover, Swift Air does not take the opportunity to comment on the restraint this morning by JP Morgan Chase of $49,300 also to National City Bank but naming Swift Aviation Group as the beneficiary. (We informed Your Honor of this by fax this afternoon.)

No "mistake" has been made. Swift Air's customers are following the instructions given to them by Swift Air and National City Bank is following the instruction of Swift Air to remit the funds to Swift Aviation.

We respectfully submit Plaintiff has met its burden to show that Swift Aviation Group has a "property interest" in the $118,136 presently at issue to justify restraining the funds under the broad definition of property in Rule B. Under the Second Circuit's decision in *Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263 (2d Cir. 2002), the definition of "property" under Rule B is broad. "It is difficult to imagine words more inclusive than 'tangible or intangible' .... The phrase is the secular equivalent of the creed's reference to the maker 'of all there is, seen and unseen.'" Id. at 275. Under Rule B, more than one party may have an interest in the same property. *See*

*Essar Int'l Ltd v. Martrade Gulf Logistics*, 2007 U.S. Dist LEXIS 61713, *4-5 (S.D.N.Y. August 23, 2007).

We recognize that Your Honor's Order of 5:39 p.m. has vacated the attachment. We reserve our objections to the lack of time to read and prepare a response to Swift Air's submissions to me of 4:04 p.m. this afternoon, including the lack of opportunity to obtain meaningful input from our client whose person in charge is located in London and respectfully submit this letter in opposition to the Swift Air's 4:04 submissions.

In the alternative and in addition, we respectfully request that Your Honor consider this letter a request that Your Honor reconsider the 5:39 Order, and upon reconsideration in light of the points made here, maintain the attachment of the $118,136.

Finally, the order vacating the attachment is appealable under *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, (1949). *See* Order of Second Circuit dated April 20, 2007, in Seamar Shipping Corp. v. Kremikovtzi Trade Ltd (copy enclosed). An order vacating an attachment is subject to the automatic ten-day stay provided in Rule 62(a) of the Federal Rules of Civil Procedure. *Status International S.A. v. M&D Maritime Ltd*, 1998 U.S. Dist LEXIS 2825 (S.D.N.Y. March 11, 1998).

We thank the Court in advance for its consideration and are of course available for a conference at any mutually convenient time.

Respectfully submitted,

LeRoy Lambert

LRL/cn

cc:    **By Email**
Skadden, Arps, Slate, Meagher & Flom LLP
Attention:  John Gardiner (john.gardiner@skadden.com)
Julie Bédard (julie.bedard@skadden.com)

McDermott & Radzik, LLP
Attention: Edward C. Radzik (eradzik@McDermottRadzik.com)

S.D.N.Y.
06-cv-5507

# MANDATE



United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of April, two thousand seven,

Present:    Hon. Jon O. Newman,
          Hon. John M. Walker, Jr.,
          Hon. Chester J. Straub,
            *Circuit Judges.*

Seamar Shipping Corporation,
          Petitioner-Appellant,

    v.                                 06-5470-mv

Kremikovtzi Trade Ltd., Kremikovtzi Corporation,
GSHL Bulgaria S.A.,
          Respondents-Appellees.

      Petitioner seeks permission to appeal, pursuant to 28 U.S.C. § 1292(b), an order of the district court granting the Respondents' motion to vacate an Admiralty Rule B(1)(a) attachment, and holding, pursuant to Admiralty Rule B(1)(a) and this Court's decisions in *Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263 (2d Cir. 2002), and *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434 (2d Cir. 2006), that an electronic funds transfer is the property of the originator while in transit, not the property of the beneficiary. Upon due consideration, it is ORDERED that the petition is DENIED as unnecessary because this Court has appellate jurisdiction in this matter under 28 U.S.C. § 1291 and the collateral order doctrine. *See Swift & Co. Packers v. Compania Colombiana Del Caribe, S.A.*, 339 U.S. 684, 688-89 (1950) (citing *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949)) (an order vacating a maritime attachment is immediately appealable and "squarely within" the collateral order doctrine).

      It is further ORDERED that the case be heard in tandem with *Consub Delaware L.L.C. v. Schahin Engenharia Limitada*, No. 07-0833-mv. A scheduling order shall issue forthwith.

A TRUE COPY
Thomas W. Asreen, Acting Clerk

by _____
DEPUTY CLERK

FOR THE COURT:
Thomas W. Asreen, Acting Clerk

By: *Richard Alcantara*
      Richard Alcantara, Deputy Clerk

ISSUED AS MANDATE    4/24/07

# Exhibit  H



**BLANK ROME** LLP
COUNSELORS AT LAW

*Phone:*   *212-885-5148*
*Fax:*     *917-332-3840*
*Email:*   *llambert@blankrome.com*

April 4, 2008

**By Fax (212) 805-6737**
Honorable George B. Daniels
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 630
New York, New York 10007

Re:    Mansel Oil Limited v. Swift Aviation Group, Inc.
       08 CV 1086 (GBD)
       Our Ref.: 129053-00601

Dear Judge Daniels:

    We represent Plaintiff Mansel Oil Limited in the above matter.  I was notified this morning that JP Morgan Chase has restrained $49,300 pursuant to the February 5 Attachment Order.

    In light of the hearing yesterday and the fact that the text of the EFT states that the funds are destined to a "General Ledger Account" at National City Bank, I am faxing to Chambers my Local Rule B.2 notice to opposing to counsel as further evidence as to why the existing attachment of $118,136 should not be vacated.

                         Respectfully submitted,

                         LeRoy Lambert

LRL/cn
cc:    **By Email**
       Skadden, Arps, Slate, Meagher & Flom LLP
       Attention:  John Gardiner (john.gardiner@skadden.com)
                   Julie Bédard (julie.bedard@skadden.com)

       McDermott & Radzik, LLP
       Attention:  Edward C. Radzik (eradzik@McDermottRadzik.com)

H

The Chrysler Building  405 Lexington Avenue  New York, NY 10174-0208
www.BlankRome.com

129053.00601/6629298v.1
Delaware   •   Florida   •   New Jersey   •   New York   •   Ohio   •   Pennsylvania   •   Washington, DC   •   Hong Kong



**BLANK ROME** LLP
COUNSELORS AT LAW

*Phone:*    *212-885-5148*
*Fax:*      *917-332-3840*
*Email:*    *llambert@blankrome.com*

April 4, 2008

**By Email**

Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

Attention:   John Gardiner (john.gardiner@skadden.com)
             Julie Bédard (julie.bedard@skadden.com)

        Re:   Mansel Oil Limited v. Swift Aviation Group, Inc.
                08 CV 1086 (GBD)
                <u>Our Ref.: 129053-00601</u>

Dear John and Julie:

    I have been advised by the JP Morgan Chase that it has restrained a transfer in the amount of $49,300.00 to "Swift Aviation Group." See the attached letter and exchange of emails between the undersigned and the attorneys for the Bank. This Notice is provided to you pursuant to Local Rule B.2.

                        Very truly yours

                        LeRoy Lambert

LRL/cn
Attachment

cc:   **By Email**
     Edward C. Radzik (eradzik@McDermottRadzik.com)
     McDermott & Radzik, LLP    (w/attach)

     **By Email**
     Kenneth R. Manyin (kmanyin@rawle.com)
     Rawle & Henderson LLP    (w/attach)

# RAWLE & HENDERSON LLP



**CARL D. BUCHHOLZ, III**
215-575-4235
CBUCHHOLZ@RAWLE.COM

**KENNETH R. MANYIN**
215-575-4216
KMANYIN@RAWLE.COM

THE NATION'S OLDEST LAW OFFICES
ESTABLISHED 1783

WWW.RAWLE.COM

THE WIDENER BUILDING
ONE SOUTH PENN SQUARE
PHILADELPHIA, PA 19107

TELEPHONE:(215) 575-4200
FACSIMILE:(215) 563-2583

April 4, 2008

*Via Email: llambert@blankrome.com*
LeRoy Lambert, Esquire
Blank Rome, LLP
The Chrysler Building
405 Lexington Avenue
New York, NY  10174

Re: **Mansel Oil Limited v. Swift Aviation Group, Inc.**
**Docket No.:  08-1086 (S.D.N.Y.)**
**Our File No.:  444,218-528**

Dear Mr. Lambert:

Pursuant to the writ of maritime attachment served by you on JPMorgan Chase on behalf of Mansel Oil Limited, funds in the amount of $49,300.00, being wire transferred through the Bank to Swift Aviation Group, were restrained on April 4, 2008.

Pursuant to Local Admiralty Rule B.2 of the Local Rules of Civil Procedure of the United States District Court for the Southern District of New York, please notify defendant of the restraint of these funds and provide the undersigned with confirmation of the notification.

If you have any additional questions regarding the restrained funds, please give me call.

Very truly yours,

RAWLE & HENDERSON LLP

By:
    Carl D. Buchholz, III
    Kenneth R. Manyin
CDB/KRM/sam
cc:    Mr. Norberto B. Bonga - **Email:** Norberto.B.Bonga@jpmchase.com
       Ms. Johnette Reid - **Email:** Johnette.Reid@jpmchase.com
       Teresa Goldberg, Esquire – **Via Email:** teresa.j.goldberg@chase.com

2368862-1

**Lambert, LeRoy**

**From:**   Kenneth Manyin [KManyin@rawle.com]

**Sent:**   Friday, April 04, 2008 11:34 AM

**To:**   Lambert, LeRoy

**Cc:**   Norberto.B.Bonga@jpmchase.com; Johnette.Reid@jpmchase.com; Teresa.j.Goldberg@chase.com; Carl Buchholz; Kevin McGee

**Subject:** RE: Mansel Oil Limited v. Swift Aviation Group, Inc. - SDNY 08-1086; R&H #444218-528

.eRoy,

Redacted wire details follow.

 Ken Manyin

4Apr08 08:16:56 0100 **   SUSPECT HOLD    1 OF 1 **    PGFP
TYPE   10   TRN SEQ   DATE 08/04/04(095) ID FE  REC ENTER 04:30:02
SOURCE  FAX     SITE EPI                    CUST REGN
                            ASSOC TRN

DEBIT/               RED APPLE AVIATION, INC.
REC                  823 ELEVENTH AVENUE 5TH FLOOR
FE       ** N O N E **      RED APPLE MANAGEMENT INC.
                     NEW YORK NY 10019-

ORG TRN      DR VAL DATE          DR ADV ML FUNDS S
AMOUNT  49,300.00       CR VAL DATE 04 APR 08     CBCH    CBAM
                        ORG DATE 04 APR 08
ORD CUS RED APPLE AVIATION, INC.        823 ELEVENTH AVENUE 5TH FLOOR
      RED APPLE MANAGEMENT INC.        NEW YORK NY 10019-
ORD BK

CREDIT ABA/          NATIONAL CITY BANK
OR PAY  CALL BACK TEAM ONLY: ONLY CALL ON  NATIONAL CITY BANK OF THE MIDWEST
FE   01 THIRD PARTY PAYMENTS          DETROIT MI 48195-1407

BN RRN           CR ADV   CBCH    CBAM
TP ADV           BNTYP N  CMCH    CMAM
ACCNT            GENERAL LEDGER ACCOUNT
PARTY

ULT    SWIFT AVIATION          GROUP
BENE

DETAIL  ATTN TRAVEL SERVICES
PAYMT

BANK/
BANK

PRIORITY       PRE APPROVE      PHONED
MESSAGE                   INV#

1/4/2008

PASSWORD        NEXT SUS        ERR TEXT V. SWIFT AVIATION GROUP/NB
ACTION  SUSHLD  INFO              PROCESS DATE 2008/095
GROUP SWIFT AVIATION|SERVICES TOUR
READY FOR RELEASE


-----Original Message-----
**From:** Lambert, LeRoy [mailto:llambert@BlankRome.com]
**Sent:** Friday, April 04, 2008 11:25 AM
**To:** Carl Buchholz
**Cc:** Norberto.B.Bonga@jpmchase.com; Johnette.Reid@jpmchase.com; Teresa.j.Goldberg@chase.com; Kenneth Manyin; Kevin McGee; Lilian Philiposian
**Subject:** Re: Mansel Oil Limited v. Swift Aviation Group, Inc. - SDNY 08-1086; R&H #444218-528


Dear Carl,

Swift is contesting a restraint by another bank even though the beneficiary was Swift Aviation Group.

Kindly provide the text of EFT as soon as possible so that I may submit it to Judge Daniels today.  Thank you.

LeRoy Lambert


----- Original Message -----
From: Sharla Mazzone <SMazzone@rawle.com>
To: Lambert, LeRoy
Cc: Norberto.B.Bonga@jpmchase.com <Norberto.B.Bonga@jpmchase.com>; Johnette.Reid@jpmchase.com
<Johnette.Reid@jpmchase.com>; Teresa.j.Goldberg@chase.com <Teresa.j.Goldberg@chase.com>; Kenneth Manyin
<KManyin@rawle.com>; Kevin McGee <KMcGee@rawle.com>; Lilian Philiposian <LPhiliposian@rawle.com>
Sent: Fri Apr 04 11:07:40 2008
Subject: Mansel Oil Limited v. Swift Aviation Group, Inc. - SDNY 08-1086; R&H #444218-528

*******************************************************************************************************
This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, is prohibited and may be unlawful.
*******************************************************************************************************

# Exhibit I



# Oasis Trading Group, LLC

Home | About Us | Product & Services | Contact Us | Customer Portal



**About Us**   Company Overview | History | Worldwide Operation | Management | Affiliate

**11675 Rainwater Drive, Suite 250, Alpharetta, GA 30004, Phone 678-252-6981, Fax 678-252-6986**

## Company Overview

*Oasis Trading Group,* LLC was formed for the purpose of providing logistical and operational expertise to Speedway Motorsports, Inc. and Swift Transportation, Inc. The Company has continuously pursued a five pronged business strategy which includes: exploration; production; processing; distribution; and exchanging of Crude Oil and Refined Petroleum Products. This business strategy includes enhancing and improving the manner in which product is shipped, exchanged, and distributed to the required locations of SWIFT and SPEEDWAY. In addition, we are constantly looking for new opportunities for additional distribution facilities through construction or acquisition in locations key to SWIFT.

For the past 4 years, the company has expanded its operations to include petroleum product purchasing, distribution, and exchanges at various locals worldwide. In addition, the company has initiated the operation of two separate oil exploration and production locations within Russia.

## History

Oasis Trading Group, LLC was formed as a Limited Liability Company, on March 10 th , 2004 in Atlanta, Georgia - USA as the petroleum Trading and Operations company to provide logistical and operational expertise and support to the SWIFT GROUP and Speedway Motorsports, Inc. Since its inception, the company has progressed into exploration, production, processing, shipping and distribution of crude oil and petroleum products.

©2007 Oasis Trading Group, LLC • webmaster; jwdesignsprint.com



# Oasis Trading Group, LLC

Home | About Us | Product & Services | Contact Us | Customer Portal

**Management**   About Us | Company Overview | History | Worldwide Operation | Affiliate

11675 Rainwater Drive, Suite 250, Alpharetta, GA 30004, Phone 678-252-6981, Fax 678-252-6986

## President

Laymon Harrison, Chief Executive Officer - Laymon has 30 years of professional experience in the Petroleum Industry, and has held senior level management positions with a diverse group of companies including Gulf Oil Company as VP Exploration and production; Exxon as a VP Business Development/Supply, Europe; International Air Transport Association as a Director-Industry Monetary Affairs/Fuel; Air Fuels, Inc., in the position of Managing Director; TransMontaigne Product Services in charge of Jet Fuel Trading & Supply; and Swift Refining Company as VP Operations. Laymon has extensive international knowledge and experience having been directly involved with various governmental entities around the world including among others: NNPC, Saudi Aramco, ADNOC, Petrobras, SOMO, PEMEX, and PDVSA.   His particular area of expertise is in sourcing, negotiating and coordinating the movement of petroleum products, and has closed several complex, high value crude oil and petroleum product lifting contracts worldwide.

## Senior Vice President

Chet Fream, Vice President of Trading & Marketing: Chet has been actively involved for 27 years in the Petroleum Industry beginning in 1977 with Mobil Oil Corporation, Chet has been involved with business development, marketing, supply, and trading of petroleum products in geographic areas covering most of the United States, and has held senior management and director positions in corporations such as TransMontaigne, Dreyfus Energy, and Kerr-McGee. In 2000, Chet formed his own business, which arranges supply contracts and fixes fuel prices for companies requiring this expertise.  During his career, Chet has been involved with Retail Marketing, Wholesale Marketing, Trading and Derivative Marketing, Business Development/Trading/Supply, Product Supply, Trading and Hedging.

## Executive Vice President

David R. Blihovde, Jr., VP Operations, aka - David "B", has enjoyed working in the petroleum/chemical industry for 22 years. His career includes 10 years with Unocal 76 in Terminal Operations, which included 2 years in Richmond, VA where one of his responsibilities was the origination and shipment of Unocal 76 Racing Gasoline for all NASCAR tracks and Unocal retail stations. David continued with Unocal's successor Louis Dreyfus Energy Corp. (LDEC) as Director of Operations for 16 east coast facilities. LDEC was later succeeded by TransMontaigne Product Services, Inc (TPSI) where he was Director of Business Development / Exchange and Supply for 52 facilities nationwide. David B left TPSI in 2001 to form his own company that provided consulting, management and business development services for many major oil companies as well as independent fuel terminals nationwide .

©2007 Oasis Trading Group, LLC • webmaster: jwdesignsprint.com