BLANK ROME LLP
Attorneys for Plaintiff
MANSEL OIL LIMITED
LeRoy Lambert (LL 3519)
The Chrysler Building
405 Lexington Avenue
New York, NY  10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MANSEL OIL LIMITED,<br><br>     Plaintiff,<br><br>  -against-<br><br>SWIFT AVIATION GROUP, INC.,<br><br>     Defendant. | 08 Civ. 1086 (GBD)<br><br>**DECLARATION OF INGOLF KAISER IN SUPPORT OF MOTION FOR LEAVE TO AMEND AND SECURITY AND IN OPPOSITION TO MOTION FOR STAY** |

1. I, Ingolf Kaiser, make this Declaration in support of the Motion of Plaintiff Mansel Oil Ltd. ("Mansel") for Leave to File an Amended Complaint and for an Amended Order of Attachment. I am a partner in the law firm of Stephenson Harwood in the firm's London office. Stephenson Harwood represents Mansel in the underlying arbitration in London between Mansel and Swift Aviation Group, Inc. ("Swift Aviation Group") ("the London Arbitration"), and I am the partner in charge of the matter. I make this Declaration based on my personal knowledge of the status of the London Arbitration and my 15 years of experience of maritime arbitrations in London.

2. I have seen the Memorandum of Law dated April 21, 2008, of Swift Aviation Group ("Swift Mem.") as well as the Declaration of Jeff A. Shumway dated April 21, 2008

("Shumway Dec.."). Relying on ¶¶11-13 of Mr. Shumway's Declaration, Swift Aviation Group (Swift Mem. at 7) states: "The London Arbitration is proceeding apace, and a hearing likely will be scheduled to be held in the next few weeks." Mr. Shumway states in ¶13: "An evidentiary hearing should be scheduled to be held in London in the next few weeks. Both are false.

3.    It will be six to eight months, at best, before any substantive hearing is scheduled in the underlying disputes (of course assuming that a hearing is required). At present no hearing of any kind is scheduled or expected before then.

4.    I set forth below a chronology of relevant events to assist the Court.

5.    The Overseas Limar Charter was dated July 11, 2007. The cargo carried under that Charter was discharged on September 29, 2007. Mansel sent Swift Aviation Group the invoice for the balance of freight and demurrage on October 29, 2007. Mansel received no response.

6.    The Torm Sofia Charter was dated August 23, 2007. The cargo carried under that Charter was discharged on October 21, 2007. Mansel sent Swift Aviation Group invoices for the balance of freight and demurrage on October 17, 2007 and November 28, 2007. Mansel received no response.

7.    Mansel commenced this action on February 5, 2008. The Court issued the Attachment Order on February 5, 2008. An electronic funds transfer in the amount of $118,136 was attached in New York on February, 15 2008.

8.    No one contested the attachment until March 24 2008, when Swift Air, LLC ("Swift Air") intervened and moved to vacate the attachment.

9.    Mansel commenced the London Arbitration on March 26, 2008. Swift Aviation Group had 14 days to appoint its arbitrator. On April 8, 2008, Swinnerton Moore, a London firm

of solicitors, contacted us, stated they had been retained by Swift Aviation Group, and requested a one-week extension. Mansel granted the extension, and on April 16, 2008, Swift Aviation Group appointed its arbitrator.

10.     Since April 16, 2008, there have been no communications between Stephenson Harwood and Swinnerton Moore.

11.     Mansel will prepare and serve Points of Claim on Swinnerton Moore in the near future. Swift Aviation Group will then have 28 days to submit Points of Defence. The Claimant then have 14 days to submit a Reply to the Points of Defence.

12.     Once the Points of Claim, Points of Defence and Reply are served, either side may serve Requests for Further and Better Particulars of each other's pleaded case.

13.     Unless the parties agree that the reference is then ready to proceed to an award based on written pleadings alone the parties will then prepare a "questionnaire" within 14 days of service of the final pleading. This document amongst other things sets out brief details of the nature of the claim, quantum, areas to be covered in disclosure, witness and expert evidence and sets out a suggested timetable for the next procedural steps in the case.

14.     The parties may then enter the discovery phase which in our system is generally limited to the exchange of documents. How much is required will depend on whether all relevant documents have already been disclosed by each party with their pleadings.

15.     Thereafter, the parties will submit the factual evidence upon which they intend to rely at the hearing, followed by expert evidence if this is required, and the arbitrators will schedule a hearing. After the hearing the arbitrators will deliberate and issue an award. Under our system, the prevailing party is usually awarded a reasonable proportion of its costs, which include the costs of the arbitration, the arbitrators' fees, and the attorney's fees of the prevailing

party. Generally, the solicitors are able to agree the amount of "costs," but not always. If the parties are not able to agree, the arbitrators must decide and issue an award as to the amount of costs.

16.    In my opinion, all going well, and assuming good faith on the part of Swift Aviation Group in getting the matter to a hearing date, a hearing is not likely until six to eight months from now at the earliest. If we allow one month for the arbitrators to issue their award on the merits, an award is unlikely until seven to nine months from now. If the amount of costs is disputed, one should add another one month before there is a final award on all issues. Again, this estimate assumes all goes well and good faith on the part of Swift Aviation Group.

17.    I should add that the above estimate of course depends on the complexities of the arguments raised by each side, the extent that disclosure is given voluntarily, whether factual witness/expert evidence is required and finally whether a hearing is necessary. In my experience even if the parties do not require a hearing and ask the Tribunal to proceed to an Award based on written pleadings alone, this process (including the matter of costs) will take at the very least 4 months.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at London, England, on this 19th day of May 2008.

_Ingolf Kaiser_
Ingolf Kaiser
Stephenson Harwood, London